UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRILL CHARLES UDELL,<br><br>             Petitioner,<br><br>    vs.<br><br>WARDEN KATHLEEN ALLISON,<br><br>             Respondent. | Case No. EDCV 10-1975-CAS (DTB)<br><br>ORDER TO SHOW CAUSE |

On December 20, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. Concurrently with the filing of the Petition, petitioner filed a document captioned "Notice of Motion and Motion to Stay Adjudication of Habeas Corpus to Allow Petitioner to Exhaust Unexhausted Federal Claims" ("Motion"). As set forth in the Motion, it appears that instant petition is "mixed," containing both exhausted and unexhausted claims. While it appears that at least some of the claims contained in the Petition are exhausted, the Court is unable to ascertain precisely which claims are exhausted, and which are not. Petitioner currently has a state habeas petition pending before the California Supreme Court in which he seeks relief on grounds which he raises in the Petition. However, it appears petitioner may have included exhausted claims in his Supreme Court habeas petition in addition to unexhausted claims. Petitioner is requesting that the Court hold the

Petition in abeyance until he exhausts his state remedies.

However, based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time-barred. Accordingly, on or before **January 28, 2011,** petitioner is ordered to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[2] The Court will not rule on the Motion until after its ruling on the Order to Show Cause.

## **THE TIME BAR ISSUE**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[3] 28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1]   http://appellatecases.courtinfo.ca.gov/index.html

[2]   The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

judgment of a State court. The limitation period shall run from the latest of--

    (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, according to the California Appellate Courts website, petitioner's Petition for Review was denied by the California Supreme Court on April 30, 2008. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was July 29, 2008, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States

Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review pursuant to § 2244(d)(1)(C).  Finally, it appears that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was July 29, 2009.  See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  See id. at 1006.  Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).  However, the statute of limitations is not tolled during the interval between

the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, petitioner has alleged two collateral challenges in the Petition: A Riverside County Superior Court habeas petition (see Petition at 13), which was filed on July 8, 2009 and denied on July 28, 2009 (id.); and a habeas petition filed with the California Court of Appeal, which was filed on September 15, 2010 and which was denied on October 6, 2010 (id.). In the Motion, petitioner references his Petition for Review filed with the California Supreme Court, which was filed on December 1, 2010, and is currently pending.

It appears that petitioner is entitled to 20 days of tolling, pursuant to § 2244(d)(2), for the period his habeas petition was pending in Riverside County Superior Court (July 8, 2009 through July 28, 2009). Thus, petitioner's last day to file his federal habeas petition was extended to August 17, 2009. Petitioner is not entitled to any statutory tolling for the state habeas petition filed in the Court of Appeal (filed September 15, 2010 and denied October 6, 2010) or the California Supreme Court (filed December 1, 2010), as they were both filed after the expiration of his limitations period under the AEDPA. Once the one-year limitation period has lapsed, it cannot be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

Thus, even with 20 days of statutory tolling, his federal habeas petition appears to be untimely.

In Holland v. Florida, _ U.S. _, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for

1  purposes of arguing that his federal habeas petition is timely, he will need to include
2  with his Response to this Order to Show Cause a declaration under penalty of perjury
3  stating facts showing (1) that he has been pursuing his rights diligently, and (2) that
4  some "extraordinary circumstances" beyond petitioner's control stood in his way
5  and/or made it impossible for him to file the Petition on time.  See Pace v.
6  DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also
7  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880
8  (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

10  DATED: December 29, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE